## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| KLAUSNER TECHNOLOGIES, INC., a New York corporation,<br><br>      *Plaintiff*,<br><br>vs.<br><br>Aastra Technologies LTD, a Canadian corporation, Aastra USA, Inc., a Delaware corporation, Digium, Inc., a Delaware corporation; YMax Corporation, a Delaware corporation, magicJack LP, a Delaware limited partnership; MagicJack VocalTec LTD, an Israeli corporation;<br><br>      *Defendants*. | CASE NO. _____<br><br><br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Klausner Technologies, Inc. ("Klausner Technologies") sues Defendants Aastra Technologies LTD, Aastra USA, Inc., Digium, Inc., YMax Corporation, magicJack LP, and MagicJack VocalTec LTD ("Defendants") and on information and belief, alleges as follows:

### **Introduction**

1. Plaintiff Klausner Technologies owns the inventions described and claimed in United States Patent Nos. 5,572,576 entitled "Telephone Answering Device Linking Displayed Data with Recorded Audio Message" (the "'576 Patent") and 5,283,818 entitled "Telephone Answering Device Linking Displayed Data with Recorded Audio Message" (the "'818 Patent"). Defendants (a) have used and continue to use Plaintiff's patented technology in products that they make, use, sell, and offer to sell, without Plaintiff's permission, and (b) have contributed to or induced, and continue to contribute to or induce, others to infringe the '576 and '818 Patents. Plaintiff Klausner Technologies seeks damages for patent infringements and an

injunction preventing Defendants from making, using, selling, or offering to sell, and from contributing to and inducing others to make, use, sell, or offer to sell, Plaintiff's patented technology without permission.

**Jurisdiction and Venue**

2. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, et seq. The Court has original jurisdiction over this patent infringement action under 28 U.S.C. §§ 1338(a).

3. Venue is proper in this Court because the Defendants are responsible for acts of infringement occurring in the Eastern District of Texas as alleged in this Complaint, and have delivered or caused to be delivered its infringing products in the Eastern District of Texas.

**Plaintiff Klausner Technologies**

4. Plaintiff Klausner Technologies, Inc. is a corporation existing under and by virtue of the laws of the State of New York.

**The '576 Patent**

5. The United States Patent and Trademark Office issued the '576 Patent on November 5, 1996. A copy of the '576 Patent is attached as Exhibit A. Through assignment, Plaintiff is the owner of all right, title, and interest, including rights for damages for past infringements, in the '576 Patent.

**The '818 Patent**

6. The United States Patent and Trademark Office issued the '818 Patent on February 1, 1994. A copy of the '818 Patent is attached as Exhibit B. Through assignment, Plaintiff is the owner of all right, title, and interest, including rights for damages for past infringements, in the '818 Patent.

### Defendants

#### *Aastra*

7. Upon information and belief, Aastra Technologies LTD is a Canadian corporation, with its principal place of business in Concord, Ontario.

8. Upon information and belief, Aastra USA, Inc. is a Delaware corporation, with its principal place of business in Frisco, Texas.

#### *Digium*

9. Upon information and belief, Defendant Digium, Inc. is a Delaware corporation, with its principal place of business in Huntsville, Alabama.

#### *YMax / magicJack*

10. Upon information and belief, YMax Corporation is a corporation organized and existing under the laws of Delaware, with a principal place of business in West Palm Beach, Florida.

11. Upon information and belief, magicJack LP is a limited partnership organized and existing under the laws of Delaware, with a principal place of business in West Palm Beach, Florida.

12. Upon information and belief, MagicJack VocalTec LTD is an Israeli corporation with its headquarters in Netanya, Israel.

### First Claim for Patent Infringement ('576 Patent)
### Against All Defendants

13. Plaintiff incorporates by reference each of the allegations in paragraphs 1 through 12 above.

14. On or about November 5, 1996, the '576 Patent, disclosing and claiming a "Telephone Answering Service Linking Displayed Data with Recorded Audio Message," was duly and legally issued by the United States Patent and Trademark Office.

15. Plaintiff Klausner Technologies is the owner of the '576 Patent with full rights to pursue recovery of royalties or damages for infringement of such patent, including full rights to recover past and future damages.

16. Defendants have infringed, contributed to the infringement, and induced others to infringe the '576 Patent and, unless enjoined, will continue to infringe the '576 Patent by manufacturing, using, selling, offering for sale, or by using the method(s) claimed in the Patent or by contributing to or inducing others to make, use, sell, or offer to sell, the claimed invention or use the claimed methods(s) without a license or permission from Plaintiff.

17. Plaintiff has been damaged by Defendants' infringement of the '576 Patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants are enjoined from continuing to infringe the '576 Patent.

**Second Claim for Patent Infringement ('818 Patent)**

**Against All Defendants**

18. Plaintiff incorporates by reference each of the allegations in paragraphs 1 through 17 above.

19. On or about February 1, 1994, the '818 Patent, disclosing and claiming a "Telephone Answering Service Linking Displayed Data with Recorded Audio Message," was duly and legally issued by the United States Patent and Trademark Office.

20. Plaintiff Klausner Technologies is the owner of the '818 Patent with full rights to pursue recovery of royalties or damages for infringement of such patent, including full rights to recover past and future damages.

21. Defendants have infringed, contributed to the infringement, and induced others to infringe the '818 Patent and, unless enjoined, will continue to infringe the '818 Patent

by manufacturing, using, selling, offering for sale, or by using the method(s) claimed in the Patent or by contributing to or inducing others to make, use, sell, or offer to sell, the claimed invention or use the claimed methods(s) without a license or permission from Plaintiff.

22. Plaintiff has been damaged by Defendants' infringement of the '818 Patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants are enjoined from continuing to infringe the '818 Patent.

23. Plaintiff demands trial by jury of all issues.

WHEREFORE, Plaintiff prays for judgment as follows:

A. A decree preliminarily and permanently enjoining Defendants, their officers, directors, employees, agents, and all persons in active concert with them, from infringing, and contributing to or inducing others to infringe, the '576 and '818 Patents;

B. Compensatory damages awarding Plaintiff damages caused by Defendants' infringement of the '576 and '818 Patents;

C. For costs of suit and attorneys fees;

D. For pre-judgment interest; and

E. For such other relief as justice requires.

Dated:  September 13, 2011                                    Respectfully submitted,


By:  \_/s/ Calvin Capshaw_____
S. Calvin Capshaw, III
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
D. Jeffrey Rambin
State Bar No. 00791478
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, Texas 75647

(903) 236-9800 Telephone
(903) 236-8787 Facsimile
E-mail: ccapshaw@capshawlaw.com
E-mail: ederieux@capshawlaw.com
E-mail: jrambin@capshawlaw.com

Gregory S. Dovel
State Bar No. 135387
Sean A. Luner
State Bar No. 165443
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone:  310-656-7066
Facsimile:  310-657-7069
Email:  greg@dovellaw.com
Email:  sean@dovellaw.com

ATTORNEYS FOR PLAINTIFF,
KLAUSNER TECHNOLOGIES, INC.