UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| KLAUSNER TECHNOLOGIES, INC., a New York corporation, *Plaintiff*, vs. Aastra Technologies LTD, a Canadian corporation, Aastra USA, Inc., a Delaware corporation, Digium, Inc., a Delaware corporation; YMax Corporation, a Delaware corporation, magicJack LP, a Delaware limited partnership; MagicJack VocalTec LTD, an Israeli corporation; *Defendants*. | CASE NO.  6:11-cv-480<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF KLAUSNER TECHNOLOGIES, INC.'S MOTION TO SUBSTITUTE PARTIES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 25(C)**

Klausner Technologies, Inc. ("Klausner Technologies") submits this Motion to Substitute Parties Pursuant to Federal Rule of Civil Procedure 25(c).

Klausner Technologies initiated this suit on September 13, 2011, alleging infringement of U.S. Patent Nos. 5,572,576 and 5,283,818 (the "Patents") by various defendants. *See* Complaint (Docket No. 1).

On, May 17, 2012, Klausner Technologies assigned all right, title, and interest in the Patents, including the right to enforce the Patents and to recover for past infringement, to IPVX Patent Holdings, Inc. ("IPVX").  *See* Exhibit A.  As a result, Klausner Technologies no longer has standing to assert the Patents and IPVX should be substituted for all purposes of this litigation, including as the named plaintiff.

1

Under Rule 25(c), "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). Rule 25(c) "is designed to allow the action to continue unabated when an interest in the lawsuit changes hands." *Matter of Covington Grain Co.*, 638 F.2d 1362, 1364 (5th Cir. 1981). "Rule 25 does not substantively determine what actions survive the transfer of an interest; rather, it provides substitution procedures for an action that does survive." *ELCA Enters., Inc. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 191 (8th Cir. 1995).

The decision whether to permit the "[s]ubstitution of a successor in interest ... is generally within the sound discretion of the trial court." *Organic Cow, LLC v. Ctr. for New Eng. Dairy Compact Research*, 335 F.3d 66, 71 (2nd Cir. 2003). A substitution under Rule 25 is appropriate when a district court, in the exercise of its discretion, finds that such substitution would facilitate the conduct of a case. *Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71 (3rd Cir. 1993). Accordingly, unless there are unusual circumstances, motions for substitution pursuant to Rule 25(c) should generally be granted as a formality in patent cases where, as here, the moving party acts diligently after the patents have been assigned to another entity. *See e.g., Saxon Innovations, LLC (Norman IP Holdings, LLC) v. Casio Computer Co., Ltd.,* slip op., No. 6:09-cv-270 (Dkt. 160) (E.D. Tex. August 11, 2010).

At the time the Complaint was filed, Klausner Technologies owned the Patents and had all rights to enforce the Patents against infringers, including enforcing the Patents against the Defendants in this lawsuit. *See* Complaint (Docket No. 1) at ¶¶ 1, 15, 20. On May 17, 2012, Klausner Technologies assigned all rights, title, and interest (including the exclusive right to grant and enforce licenses and covenants not to sue with respect to the Defendants) in the Patents

to IPVX. *See* Exhibit A. Accordingly, IPVX is now the sole successor in interest in and to the Patents.

Moreover, substituting IPVX for Klausner Technologies will not affect this case in any material way, will have no impact on any deadlines, and will not prejudice the Defendants.

Accordingly, pursuant to Federal Rule of Civil Procedure 25(c), IPVX should be substituted for Klausner Technologies for all purposes of this litigation, including as the named plaintiff.

Dated: June 5, 2012 Respectfully submitted,

By: /s/ Elizabeth L. DeRieux
Gregory S. Dovel
California State Bar No. 135387
Sean A. Luner
California State Bar No. 165443
Christin K. Cho
California State Bar No. 238173
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 657-7069
E-mail: greg@dovellaw.com
E-mail: luner@dovellaw.com
E-mail: christin@dovellaw.com

S. Calvin Capshaw, III
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
D. Jeffrey Rambin
State Bar No. 00791478
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
(903) 236-9800 Telephone
(903) 236-8787 Facsimile
E-mail: ccapshaw@capshawlaw.com

                                            E-mail: ederieux@capshawlaw.com
                                            E-mail: jrambin@capshawlaw.com

                                            ATTORNEYS FOR PLAINTIFF,
                                            KLAUSNER TECHNOLOGIES, INC.

### **CERTIFICATE OF CONFERENCE**

Counsel for plaintiff, Elizabeth DeRieux met and conferred by phone and in writing with counsel for Aastra, Jon Hyland, in an effort to resolve the parties' differences regarding this motion. In a final phone conference on June 4, 2012, the parties reached as impasse. Defendant Aastra is opposed the relief requested in this motion, but stated that it is not opposed to joinder of IPVX as an additional plaintiff in this matter.

                                        /s/ Elizabeth L. DeRieux

### **CERTIFICATE OF SERVICE**

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served this 5th day of June, 2012, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served via electronic mail, facsimile transmission and/or first class mail on this same date.

                                        /s/ Elizabeth L. DeRieux
                                          Elizabeth L. DeRieux